(Pleito No. 126.—Fallado el 31 de Mayo de 1901.)

ALERS contra EL REGISTRADOR DE LA PROPIEDAD.

SOLICITUD de un *Mandamus.*

1.—REGISTRO.   Las faltas insubsanables de los títulos que impiden su inscripción en el Registro de la Propiedad, son aquéllas que, por la naturaleza de la obligación contenida en el título, sus condiciones, calidad de las personas que la otorguen, ú otras causas semejantes, independientemente de la forma externa del documento, produzcan necesariamente la nulidad de la obligación.   Un error en la cabida de una porción de terreno, es subsanable, y no impide su inscripción en el Registro de la Propiedad en la forma prescrita en la Orden General número 99.

2.—PARTICIÓN.   No existe ningún precepto legal que declare nula la partición de una herencia hecha extrajudicialmente por los herederos ó legatarios.

RESOLUCIÓN.

San Juan, Puerto Rico, Mayo treinta y uno de mil novecientos uno.—Visto el presente recurso gubernativo interpuesto por el Abogado Don Alfredo Arnaldo y Sevilla á nombre de Doña Isabel Alers y Beauchamps, por sí y en representación de su hija menor Doña Rafaela Esteves y Alers y otros, contra negativa del Registrador de la Propiedad de

Aguadilla á inscribir una escritura de partición de' bienes hereditarios.—Resultando: Que practicadas extrajudicialmente las operaciones de inventario, avalúo y cuenta de liquidación y partición de los bienes de la testamentaría de Don Venancio Esteves y Serrano, por su viuda Doña Isabel Alers y Beauchamps, por su propio derecho, y sus hijos y herederos mayores Doña Monserrate, Doña Mercedes y Don Segundo Esteves y Alers, este último además en su carácter de defensor judicial de su hermana menor de edad Doña Rafaela, de los mismos apellidos, y que presentadas dichas operaciones á la aprobación judicial, fueron aprobadas por auto de dos de . Marzo último, dictado por el Tribunal del Distrito de Mayagüez, mandando protocolarlas en el oficio del Notario de aquella Ciudad Don Alfredo Arnaldo y Sevilla.—Resultando: Que protocoladas dichas operaciones testamentarias en el oficio del referido Notario y presentado un testimonio de las mismas en el Registro de la Propiedad de Aguadilla para su inscripción en unión de otros documentos, entre ellos una escritura otorgada en diez y nueve de Enero del corriente año por Doña Isabel Alers, aclarando que una de las dos porciones de terreno que componen la hacienda "Monserrate" del caudal inventariado y que á su instancia había sido inscrita en el Registro de la Propiedad con una cabida dé trescientas ochenta y seis cuerdas, equivalentes á ciento cincuenta y una hectáreas, setenta y una áreas y treinta centiáreas, constaba realmente de cuatrocientas sesenta y ocho cuerdas seiscientas diez y ocho milésimas, equivalentes á ciento ochenta y cuatro hectáreas, diez y ocho áreas y cuarenta y seis y media centiáreas, cuya diferencia procedía de haber adquirido su difunto esposo las diferentes fracciones de que se componía dicha porción de terreno, en conjunto, y no por un tanto por cada unidad de medida superficial, denegó el Registrador la inscripción solicitada, según nota puesta al pie del mismo testimonio por aparecer del Registro el defecto insubsanable de que la viuda Doña Isabel Alers y el heredero Don Segundo Este-

ves, habían constituído hipoteca voluntaria á favor de Don
Félix Echevarría, sobre los condominios pro-indivisos que
por gananciales y legítima paterna respectivamente, les
correspondían sobre la hacienda "Monserrate", de trescientas
ochenta y seis cuerdas setenta céntimos y otro predio de
ochenta cuerdas, cuya hipoteca estaba inscrita y vigente;
habiendo inscrito previamente su derecho hereditario en
tales fincas la sucesión de Don Venancio Esteves, pro-indiviso,
y por solicitud á aquella oficina, acompañando el testamento
del causante y no haber concurrido á prestar su conformidad
á la partición, dicho acreedor hipotecario; resultando además
según el Registro, el defecto subsanable de aparecer sólo
inscritas las dos fincas antes citadas que suman cuatrocientas
setenta y seis cuerdas setenta céntimos y en el testimonio
presentado se expresaba que la hacienda "Monserrate" cons-
taba de dos porciones, la primera de cuatrocientas sesenta y
ocho cuerdas seiscientos diez y ocho céntimos y la segunda
de doscientas cuarenta y seis cuerdas ochocientos noventa y
ocho céntimos, sin que se expresen los títulos de los que
resulta esta cabida.—Resultando:   Que notificada la prece-
dente nota denegatoria de la inscripción al presentante de
dichos documentos á los efectos de la Orden General número
99, como no estuviera conforme con la negativa del Registra-
dor, los elevó este funcionario para la resolución correspon-
diente á este Tribunal Supremo con su informe razonado en
unión de una certificación de los libros del Registro relativa
á la inscripción de la hacienda "Monserrate" y de la hipoteca
otorgada por Doña Isabel Alers y su hijo Don Segundo Este-
ves, á favor de Don Félix Echevarría y Conti; habiendo
comparecido también por escrito en tiempo hábil ante este
mismo Tribunal, el Abogado Don Alfredo Arnaldo y Sevilla,
á nombre de Doña Isabel Alers y Beauchamps, por sí y en
representación de su hija menor Doña Rafaela Esteves y de
otros interesados en la testamentaría del difunto Don Ve-
nancio Esteves y Serrano, en solicitud de que se revoque la
calificación hecha por el Registrador de la Propiedad y se le

ordene la inscripción de la escritura de partición de que se trata.—Resultando de la certificación presentada con su informe por el Registrador de la Propiedad de Aguadilla en confirmación de su nota, que al folio 36 del tomo undécimo del Ayuntamiento de San Sebastián, finca número 695, inscripción primera, se encuentra un asiento relativo á un predio rústico radicado en el barrio Culebrinas, de aquel término municipal, sitio del "Sonador", compuesto de trescientas ochenta y seis cuerdas sesenta céntimos de terreno, equivalentes á ciento cincuenta y una hectáreas, noventa y ocho áreas y ochenta y tres centiáreas, cuyas colindancias se determinan, y cuyo predio aparece inscrito á favor de Don Venancio Esteves y Serrano, y por fallecimiento de éste á favor de su viuda Doña Isabel Alers y Beauchamps, y de sus hijos nombrados Don Segundo, Don Ventura, Doña Monserrate, Doña Mercedes y Doña Rafaela Esteves y Alers, en calidad de pro-indiviso, la primera por su mitad de gananciales, y los demás por título de herencia testada, apareciendo además inscrita, á favor de Don Félix Echevarría y Conti la escritura hipotecaria otorgada por Doña Isabel Alers y su hijo Don Segundo Esteves, en trece de Abril de mil ochocientos noventa y cuatro sobre la porción indivisa que les correspondía en la finca descrita y otras dos más, para responder de la cantidad de cinco mil novecientos sesenta pesos que por capital é intereses confesaron deber al citado Echevarría y dos mil pesos más para costas, cuya hipoteca por fallecimiento de aquél, fué adjudicada á su viuda Doña Felícita Maisonave, á cuyo nombre aparece inscrita en el Registro.—Vistos los artículos 65 de la Ley Hipotecaria y 110 del Reglamento dictado para su ejecución y 403 y 1,083 del mismo Código Civil y la Orden General número 99.— Considerando : En cuanto al primer motivo en que se funda la nota denegatoria del Registrador de la Propiedad de Aguadilla, que con arreglo á los artículos 65 de la Ley Hipotecaria y 110 del Reglamento dictado para su ejecución, son faltas insubsanables de los títulos que impiden su ins-

cripción en el Registro de la Propiedad, aquéllas que, por la naturaleza de la obligación contenida en el título, sus condiciones, calidad de las personas que la otorguen ú otras causas semejantes, independientemente de la forma externa del documento, produzcan necesariamente la nulidad de la obligación.—Considerando: Que si bien con arreglo al artículo 1,083 del nuevo Código Civil, los acreedores de uno ó más de los coherederos podrán intervenir á su costa en la partición para evitar que ésta se haga en fraude ó perjuicio de su derecho, ningún precepto del Código ni de la Ley Hipotecaria existe, que declare nula la partición de la herencia practicada sin el concurso ó la conformidad de los acreedores de uno ó más de los coherederos; antes al contrario, estando dispuesto con arreglo al artículo 403 del mismo Código Civil, que por analogía es perfectamente aplicable al caso, los acreedores ó cesionarios de los partícipes podrán concurrir á la división de la cosa común y oponerse á la que se verifique sin su consentimiento; pero no podrán impugnar la división consumada excepto en caso de fraude ó en el de haberse verificado no obstante la oposición formalmente interpuesta para impedirla, y salvo siempre los derechos del deudor ó del cedente para sostener su validez, se infiere de dicho precepto que la partición de la herencia como de cualquier otra cosa que se posea en común por varios partícipes, hecha sin la concurrencia de los acreedores de uno ó más de los coherederos ó de los comuneros no es nula *ipso-facto*, sin perjuicio del derecho de aquéllos para combatirla y pedir su rescisión cuando fuere hecha en fraude y perjuicio de sus intereses legítimos.—Considerando: Con respecto al segundo motivo en que se funda la nota denegatoria del Registrador de la Propiedad, que existiendo realmente en la escritura de partición de que se trata, un exceso en la cabida de la hacienda "Monserrate", de doscientas cuarenta y ocho cuerdas ochocientos diez y seis céntimos sobre la asignada á dicho inmueble en los asientos anteriores del Registro y no siendo bastante á subsanar un

defecto de tamaña importancia, las manifestaciones hechas por Doña Isabel Alers en la escritura de diez y nueve de Enero último, destituída de toda justificación, pues ni siquiera se acredita la mensura que se dice haberse practicado de dicha finca, de la que ha resultado la diferencia que se advierte, constituye ésta, realmente, un defecto del título, pero que siendo subsanable no impide su inscripción en el Registro de la Propiedad en la forma que prescribe la Orden General número 99.—Vistas: Las disposiciones legales citadas y además, las resoluciones de la Dirección General de los Registros de la Propiedad y del Notariado, de catorce de Marzo de mil ochocientos setenta y seis, siete de Septiembre de mil ochocientos ochenta, veinte y dos de Noviembre de mil ochocientos noventa y tres y veinte y siete de Octubre de mil ochocientos noventa y cuatro.—Se declara: Que la escritura de partición de herencia de que se trata en el presente recurso gubernativo, no contiene el defecto insubsanable en que se funda el Registrador de la Propiedad de Aguadilla para denegar la inscripción de dicha escritura en el Registro de su cargo, pero que sí contiene el defecto subsanable que se expresa en la nota del Registrador de la Propiedad y en su consecuencia, que dicha escritura es inscribible y debe inscribirla el Registrador de la Propiedad, con el defecto expresado en la forma que prescribe la citada Orden General. —Y con copia de la presente resolución que se publicará en la *Gaceta,* devuélvanse los documentos presentados al Registrador de la Propiedad de Aguadilla para su conocimiento y el de los interesados y á los demás efectos procedentes.—Lo acordaron y firman los señores del Tribunal, de que certifico.

José S. Quiñones.—José C. Hernández.—José Mª Figueras.—Louis Sulzbacher.—Eugenio Alvarez, *Secretario sustituto.*